From W. G. Barker, Mercer, Pa.

---

## Thornbury v. Forbes, Administrator.

*Taxation—Oil and gas—Severance of oil and gas—Real estate.*

1. Where an instrument in writing executed by an owner of land grants to another, in consideration of royalties, the exclusive right to remove oil and gas so long as they are produced in paying quantities, the grant effects a severance of the ownership of the oil and gas from the surface of the land.

2. In such case, in the absence of any provision as to the payment of taxes, the grantee of the oil and minerals is liable for taxes on the same as real estate.

Petition under Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. C. P. Venango Co., Nov. T., 1924, No. 58.

*M. L. McBride*, for plaintiff; *John L. McBride*, for defendants.

CRISWELL, P. J., Aug. 24, 1925.—This case has been submitted to the court upon petition and answer. Therefrom the following are found as the material

### Facts.

1. Subject to the rights of the defendants therein, the plaintiff is the owner of the oil and gas in and under a certain tract of land situate in the Township of Clinton, said county, containing eighty-two and one-half acres, more or less, more fully described in the petition herein.

2. The defendants are in possession of the said land for the purpose of operating for and producing oil and gas thereon under and by virtue of two certain contracts, one bearing date Dec. 15, 1898, made by James Martin and Sarah, his wife, with Samuel E. Breadin, recorded Nov. 5, 1902, in the Recorder's office of said county, in Deed Book vol. 262, page 92, and one bearing date Oct. 2, 1906, made by the plaintiff, Catherine Thornbury, with George A. Rumsey and C. W. Davis, recorded Feb. 27, 1908, in the Recorder's office of said county, in Deed Book vol. 295, page 530, the rights of the parties of the second part therein, termed lessees, having become vested in the said defendants.

3. By the terms of the former of these contracts, the lessee therein named, his heirs, executors and assigns, was granted the exclusive right of operating and drilling for petroleum and gas, laying pipe-lines, etc., on the lands therein mentioned so long as oil should be produced therefrom, the lessor reserving as royalty one-eighth of the oil produced. By the latter of such contracts, the lessees therein named, their heirs, executors, administrators and assigns, were granted the exclusive right of drilling and operating for petroleum and gas, laying pipe-lines, etc., for the term of twenty years and as much longer as oil or gas are produced in paying quantities, the lessor reserving likewise as royalty one-eighth of the oil produced and saved therefrom and the proceeds of a like portion of the gas sold.

4. In the operations of the defendants upon the said premises considerable quantities of oil are and have been produced, the one-eighth thereof being run to the credit of the plaintiff as royalty and the remaining seven-eighths thereof to the credit of the defendants as owners of what is commonly known as the working interest.

5. The ownership of the oil and gas and the surface having been severed, the oil interest was assessed for purposes of taxation at the sum of $2000 and the surface at the sum of $1200.

6. Heretofore the taxes assessed upon the oil interest have been paid by the plaintiff and the defendants have refused, and now refuse, to pay any part thereof.

7. The question presented for determination is whether or not the plaintiff is liable for the taxes assessed against the oil interest, or whether or not the defendants have a taxable interest therein and are liable therefor.

## Discussion.

Under the pleadings, there is no question but that there has been a severance in the ownership of the oil and gas and the surface of the land. Have the so-called lessees a taxable interest therein? Quite generally, the parties to such contracts stipulate therein as to their liability for taxes during the term. There is here no such stipulation.

In Stoughton's Appeal, 88 Pa. 198, following the well-known case of Funk v. Haldeman, 53 Pa. 229, it is held that oil is a mineral and that a guardian cannot lease land of his ward for the purpose of its development; that whenever a conveyance is made of it, whether that conveyance be called a lease or a deed, it is in effect a grant of a part of the corpus of the estate. In that case the lease provided: "The party of the second part to have the sole and exclusive right to bore and dig for oil in said lot and gather and collect the same therefrom for the term of twenty-one years from the date hereof." Of this language it is said: "This certainly amounts to a sale of all the oil contained within the land described in the lease, subject only to the royalty therein provided for."

In D., L. & W. R. R. Co. v. Sanderson, 109 Pa. 583, there was a "lease" of all the coal beneath the surface of a tract of land until all the coal was mined, the lessee to pay as royalty a specified sum per ton. It was held, in an opinion by Trunkey, J., that the agreement was not a lease, but an absolute sale of the coal in place and operated such a severance of the surface and subjacent strata as would render the vendee liable for all taxes levied upon the coal in place and would relieve the vendor from liability for the same, the court saying: "What greater estate in the mineral underlying the surface of a tract of land can a man have than the right in himself, his heirs and assigns, to mine and remove the whole of it? If his title is burdened with covenants and

Thornbury v. Forbes, Administrator.

conditions insuring his payment of the purchase money, the burden does not affect the nature of the estate."

In Moore's Appeal, 4 Dist. R. 703, the statement of Gordon, J., in Stoughton's Appeal, 88 Pa. 198, that the grant of the exclusive right to operate for oil on land for a period of twenty-one years was in effect a sale of the oil therein, is criticised as incorrect and not in accord with later authorities and in disregard of known facts. Such criticism may be well founded, but, so assuming, that case and Stoughton's Appeal as well certainly supports the plaintiff's contention here, where the grant is for an indefinite period, limited only by the exhaustion of the mineral.

In Blakeley v. Marshall, 174 Pa. 425, Stoughton's Appeal, 88 Pa. 198, is referred to as authority, and it is said: "An oil lease, investing the lessee with the right to remove all the oil in place in the premises in consideration of his giving the lessors a certain per centum thereof, is in legal effect a sale of a portion of the land. . . ."

There are a number of later cases, chiefly, however, relating to coal leases, in which the same rule is uniformly observed, and no cases relating to oil or gas have been cited or found holding otherwise. The following legal conclusions have, therefore, been reached:

### Legal conclusions.

1. The so-called leases under which the defendants hold possession of the lands described in the plaintiff's petition are in legal effect a grant of the petroleum oil and gas in and under such lands.

2. There having been a severance of the oil and gas in such lands from the surface, such oil and gas are properly valued and assessed separately for purposes of taxation.

3. Such separate valuation and assessment having been made, the defendants, as owners thereof, are liable for taxes assessed and levied thereon and the plaintiff is not liable therefor.

4. That the defendants should pay the costs accrued hereon.

### Judgment.

And now, Aug. 24, 1925, this cause came on to be heard upon petition of the plaintiff and answer of the defendants and was argued by counsel, and thereupon, upon consideration thereof, it is ordered and adjudged that the defendants have a taxable interest in the land described in the plaintiff's petition, to wit: That certain tract of land, situate in the Township of Clinton, County of Venango, Pa., bounded and described as follows, viz.: Beginning at a post at the southeast corner of said piece or parcel of land; thence along lands of Robert Vanderlin in a westerly direction to the centre line of the Clintonville and Harrisville Road; thence along centre line of Clintonville and Harrisville Road in a northeasterly direction to point where said road intersects lands of Hoffman heirs; thence along lands of Hoffman heirs and Hovis heirs in a southerly direction to place of beginning, containing eighty-two and one-half acres, more or less, such taxable interest being the ownership of the petroleum oil and gas therein and thereunder; that such oil and gas having been severed in ownership from the balance of the realty is subject to separate assessments and taxation, and the defendants, as owners thereof, are liable for taxes assessed and levied thereon.

It is further ordered and adjudged that the defendants pay the cost of this proceeding.

From George S. Criswell, Jr., Franklin, Pa.