# Gill *versus* Weston (No. 1.)

1. A deed duly executed and acknowledged by one of several grantors is entitled to be recorded, although the execution and acknowledgment by others of them be irregular or defective.

2. The Act of April 27th, 1855, (P. L. 369, Br. Purd. 600) provides for the mortgaging of a leasehold of " any colliery, mining land, manufactory or other premises with all the buildings, fixtures and machinery thereon to the lessee belonging and thereunto appurtenant, with the same effect as to the lessee's interest as in the case of the mortgaging of a freehold interest and title as to lien notice evidence and priority of payment; *Provided*, that the mortgage be in like manner acknowledged and placed of record in the proper county together with the lease," and the Act of April 3d, 1868, (P. L., 57 Br. Purd. 600) provides that " in mortgages upon leasehold estate, the mortgagee shall have the same remedies for collection thereof which mortgagees of real estate have under the laws of this Commonwealth for the collection of such mortgages." A mortgage of a leasehold was executed November 29th, 1882, and recorded in one of the mortgage books of Warren county on December 15th, 1882. The lease itself dated October 18th, 1882 was recorded at the same time and in immediate connection with the mortgage:

*Held* that this was a recording of the mortgage " in the proper county together with the lease."

Glading *v.* Frick, 7 Norris, 460 followed.

14 OUTERBRIDGE—20

3. The Act of May 13th, 1876 (P. L., 160, Br. Purd. 600) provides "if the lease shall have been recorded in the *deed books* of the proper county before the execution of the mortgage, or shall thus be recorded at the time of recording the mortgage, such recording shall be deemed a sufficient compliance with the requirements of the Act" of April 27th, 1855.

    *Held*, that these acts were *in pari materia* and should be construed together, and that the latter Act was intended to apply only to cases where by reason of the lease having been previously recorded or other similar cause the provision of the former Act as to recording the mortgage and the lease together cannot be literally complied with.

4. The lien of a leasehold mortgage duly acknowledged and recorded in accordance with the Act of April 27th, 1855, is not divested by a sheriff's sale upon a judgment subsequently recovered against the mortgagor. Such a mortgage is regulated by the same rules as govern the mortgage of a freehold interest.

May 28th, 1885.  Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK JJ.  PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Warren county*: Of July Term 1885, No. 73.

Ejectment by W. W. Weston, A. Weston, and O. Weston doing business as Weston Brothers, against J. D. Gill to recover possession of certain leasehold premises, situate in Mead township, Warren county.  Plea, the general issue.

At the trial, before BROWN, P. J., the facts of the case appeared as follows:  Both plaintiffs and defendant claimed title under H. B. Porter, Thomas W. Dorsey and Patrick Dorsey, owners of the premise in fee.  Plaintiffs offered in evidence the record of an oil lease from Dorsey brothers and H. B. Porter to A. R. Curtis dated October 18th, 1882, for lands described in the writ recorded in mortgage book F. page 564, on December 15th, 1882.  The lease was signed and sealed by "Dorsey Bros.," H. B. Porter and A. R. Curtis, and was acknowledged by "Thomas Dorsey for Dorsey Bros." and H. B. Porter.  Objected to by defendant "for the reason that the lease appears to be recorded in the mortgage book instead of in the deed book, and because the lease itself so far as it purported to convey any interest other than that of H. B. Porter was not properly executed, being signed "Dorsey Bros." under seal and with nothing to indicate who "Dorsey Bros." were, and not properly acknowledged.  Objection overruled and lease admitted.  Exception.  (First assignment of error.)

Plaintiffs then offered in evidence a mortgage of said leasehold from A. R. Curtis to Weston Bros., the plaintiffs, dated November 29th, 1882 and recorded December 15th, 1882, in mortgage Book F page 569.  Objected to by defendant on the grounds that the lease of the premises was not recorded in the

[Gill v. Weston.]

deed book of Warren county as required by the Act of May 13, 1876 (P. L., 160), and that there was no reference in the mortgage to the book and page of such record or anything to show that the lease was recorded or intended to be. Objection overruled and mortgage admitted. Exception. (Second assignment of error.) The plaintiffs then showed the entry of a judgment on the bond accompanying the mortgage, and a sheriff's sale of the lease thereunder to the plaintiffs on December 17th, 1883, and that the mortgagor remained in possession until the defendant entered.

The defendant showed the entry of numerous mechanics' liens against A. R. Curtis and others, doing business as the Florence Oil Company, entered May 3, 1883, and thereafter, covering the premises in question, on which judgments were entered and writs of *levari facias* issued, under which the sheriff sold the lease November 12th, 1883 to the defendant.

The defendant requested the court to charge the jury:

1. The lease to A. R. Curtis of the premises which were covered by the mortgage executed by him to the plaintiffs not having been recorded in the deed books of Warren county before or at the time of the execution of the mortgage, as required by the Act of 13th May, 1876, and the mortgage not containing any reference to any record of said lease, as required by said Act, it was and is not a lien on the leasehold, as against a subsequent execution creditor of the mortgagors who levied on and sold said leasehold by virtue of his execution. *Refused.* (Third assignment of error.)

2. If the mortgage was a lien on the leasehold described therein prior to the lien of the mechanic's liens, or of the execution thereupon upon which the leasehold was sold, the lien of the mortgage is discharged by the sale on the executions, and the purchaser at such sale acquired a title to said leasehold free from the lien of said mortgage. *Refused.* (Fourth assignment of error.)

3. The Act of 6th April, 1830, relates to mortgages upon real estate, and not to mortgages of leaseholds and other chattels, and the liens of such mortgages are not preserved from a sale of the mortgaged premises upon a subsequent execution. *Refused.* (Fifth assignment of error.)

4. The lease purporting to be from Dorsey Brothers and H. B. Porter, if evidence at all, is only evidence of a lease of Porter's one third interest in the premises to Curtis, and the evidence not showing that the defendant claims under Curtis alone, but under Curtis and others, comprising the Florence Oil Co., no presumption arises that he claims under Curtis any greater share or interest in the premises in suit than is

shown to be legally vested in him. *Refused.* (Sixth assignment of error.)

The court charged the jury ·that "the plaintiffs, on the undisputed evidence, are entitled to a verdict." (Seventh assignment of error.)

Verdict for the plaintiffs for the land described in the writ and judgment· thereon, whereupon the defendant took this writ assigning for error the admission of evidence above noted and the refusal of the court to charge as requested.

*R. Brown,* (with whom was *Charles W. Stone*), for plaintiff in error.—The lease was not properly recorded in the mortgage book. In Warren county mortgages are recorded in separate mortgage books kept for the purpose, and deeds and other conveyances are recorded· in the deed books; the lease should have been recorded in the latter : Luch's Appeal, 8 Wright, 519; Schell *v.* Stein, 26 P. F. S., 400. The lease was not properly executed or acknowledged by Dorsey Bros., and the record as to their interest is null and void : Heister *v.* Fortner, 2 Binney, 40; Simon *v.* Brown, 3 Yeates, 186; Goepp *v.* Gartiser, 11 Casey, 133; Meyers *v.* Boyd, 38 Leg. Int., 24; Kerns *v.* Swope, 2 Watts, 75. . Leasehold mortgages authorized by the ·Act of April 27th, 1855, must conform strictly to this Act, which requires the mortgage "to be placed on record in the proper county together with·the lease." And the supplement of May 13th, 1876 (P. L. 160), directs that the lease shall be recorded in the " deed books " of the proper county. Such explicit direction as to recording must be complied with : Glading *v.* Frick, 7 Norris, 463.

Even if the mortgage was a valid lien, it was discharged by the sheriff's sale like other liens : Girard Life Ins. Co. *v,* Mechanics' Bank, 7 P. F. S., 394; Willard *v.* Norris, 2 Rawle, 56. The Act of April 6th, 1830, protects only prior mortgages of real estate: Bismark Building & Loan Association *v.* Bolster, 11 Norris, 130. The legislature has given this Act the same construction, for, by Act of March 22d, 1861 (P. L. 185), this protection was extended to prior mortgages of coal leases in Schuylkill county.

The Act of April 27th, 1855, does not authorize the mortgaging of an oil right or oil leasehold. Petroleum was not then known—oil lands are not mining lands nor is an oil well a mine. Oil is not even a mineral: Dunham *v.* Kirkpatrick, 5 Out., 36. The words " or other premises " in the Act mean *ejusdem generis:* Schenley's Appeal, 20 P. F. S., 98; Commonwealth *v.* Wickersham, 2 Pearson, 339; Allen's Appeal, 32 P. F. S., 302.

[Gill v. Weston.]

*Charles, Dinsmoor* (with whom was *James Cable*), for the defendants in error.—The lease was properly executed by one of the Dorsey Brothers, and at all events it was ratified by possession taken under it: McDowell *v.* Simpson, 3 Watts, 129; Hennessy *v.* Western Bank, 6 W. & S., 300; Deckard *v.* Case, 5 Watts, 22; Fichthorn *v.* Boyer, 5 Watts, 159. The lease and mortgage were recorded in the proper book: Clader *v.* Thomas, 8 Norris, 344; Glading *v.* Frick, 7 Norris, 460. The acknowledgment by Porter, one of the grantors, was, at all events, valid, and this entitled the lease to go on record: Act May 28th, 1715, (Purd. Dig. 568); Act March 18th, 1775, § 1, (Purd. Dig. 571). The mortgage was properly recorded together with the lease: Sturtevant's Appeal, 10 Casey, 149; Miners' Bank *v.* Heilner, 11 Wright, 455; Ladley *v.* Creighton, 20 P. F. S., 490; 6 Phila., 209. The supplementary Act of May 13th, 1876, merely provides for a case where, by reason of the lease having been recorded previously, etc., there can not be a literal compliance with the Act of 1855 in recording the mortgage and lease together. The Act of 1855 provides that the record of a leasehold mortgage shall have the same effect as to lien as in the case of a mortgage of a freehold. Bismark Association *v.* Bolster, 11 Norris, 123, was not the case of a mortgage under the Act of 1855.

Mr. Justice STERRETT delivered the opinion of the court, October 5th, 1885.

Each of the respective parties to this action of ejectment claimed possession of the leasehold estate in controversy by title derived from A. R. Curtis, who was the lessee of H. B. Porter and Thomas W. and Patrick Dorsey. The lease to Curtis was regularly signed and acknowledged by Porter; but, as to the Dorseys, it was signed "Dorsey Bros." in the handwriting of Thomas W. Dorsey, opposite one of the printed seals on the lease; and the notary's certificate of acknowledgment sets forth, that "H. B. Porter and Dorsey Bros. by Thomas W. Dorsey" appeared and acknowledged the same. However irregular or defective the lease may be regarded as to the execution and acknowledgment of the two Dorseys, it was undoubtedly well executed and acknowledged by Porter and therefore entitled to be recorded. So far as appears, all the parties to the lease recognized its validity and so acted in reference thereto as to estop themselves from denying it.

Under the lease, thus executed, acknowledged and delivered to Curtis, he went into possession of the demised premises, put down and operated two oil wells, and continued to occupy the premises until they were sold on executions issued on the mechanic's liens. At that sale defendant below purchased the

[Gill *v.* Weston.]

leasehold, took and retained possession thereof, claiming the right to do so by virtue of the title thus acquired at the sheriff's sale. For some reason not fully explained the mechanic's liens appear to have been entered of record and prosecuted against the lessee "A. R. Curtis and others doing business as the Florence Oil Company." Who the "others" were nowhere appears, nor does it appear that any such company ever existed or that any other person than Curtis, the lessee, was then or at any time prior to the sale interested in the premises against which the liens were filed. The proceedings and sale on the liens were not such as to affect any one except Curtis himself. It may therefore be assumed that defendant below claims under Curtis and is in possession as sheriff's vendee under him. There is no evidence of any other ground of claim on his behalf. The plaintiffs below also claim under Curtis by virtue of the leasehold mortgage executed and recorded before either of the mechanics' liens attached. The mortgage was made in pursuance of the Act of April 27th, 1855, providing for the mortgaging of mining and other leaseholds (Purd., 600, pl., 170), and being the first lien on the premises was not discharged by the sale to defendant below on the subsequently entered mechanics' liens. Default having been made in payment of the money secured by the mortgage, the leasehold was again sold by the sheriff and purchased by the mortgagees, Weston Brothers, plaintiffs below. Both parties thus claim under Curtis as whose property they purchased at the respective sheriff's sales. They both gave in evidence the judgments and proceedings thereon, upon which the respective sales were made.

It may be conceded that as purchaser under the mechanics' liens, plaintiff in error acquired the encumbered title of Curtis, but nothing more. The mortgage being the first lien on the leasehold was not discharged by the sale to plaintiff in error. His rights as purchaser at that sale were subordinate to the paramount lien of the mortgagees, and were afterwards swept away by the sale upon the bond accompanying their mortgage. If the mortgage was properly executed and recorded, as it undoubtedly was, the lien thereof was not divested by the first sale, and plaintiffs below as purchasers thereunder acquired a good title. That such was the case scarcely admits of any doubt, and the court below was right in so holding. The Act referred to declares it shall " be lawful for any lessee for term of years of any colliery, mining land, manufactory, or other premises, to mortgage his or her term in the demised premises, with all the buildings, fixtures and machinery thereon and to the lessees belonging and thereunto appurtenant, with the same effect, as to the lessee's interest, as in the case

of the mortgaging of a freehold interest and title, as to lien, notice, evidence and priority of payment: Provided, the mortgage be in like manner acknowledged and placed of record in the proper county together with the lease," etc.   The Act of April 3d, 1868, (Purd., 600. pl., 171) provides that "in mortgages upon leasehold estates, the mortgagee shall have the same remedy for collection thereof, which mortgagees of real estate have, under the laws of this Commonwealth, for the collection of such mortgages."

The mortgage in this case was duly executed November 29th, 1882, and recorded, in the proper mortgage book, December 15th, 1882.   The lease dated October 1st, 1882, was recorded at same time and in immediate connection with the mortgage. This was clearly a recording of the mortgage " in the proper county together with the lease," in accordance with the true intent and meaning of the Act: Sturtevant's Appeal, 10 Casey, 149; Ladley v. Creighton, 20 P. F. S., 490 ; Glading v. Frick, 7 Norris, 460; Clader v. Thomas, 8 Norris, 344.   The supplementary Act of May 13th, 1876, on which plaintiff in error relies, is inapplicable to this case.   It provides, " if the lease shall have been recorded in the deed books of the proper county, before the execution of the mortgage, or shall thus be recorded at the time of recording the mortgage, such recording shall be deemed a sufficient compliance with the requirements of the Act with reference to the recording of such lease: Provided always that full and distinct reference be made in said mortgage to the book and page where the said lease is recorded: Purd., 600, pl., 172.   This makes provision for a condition of things that did not necessarily exist in this case. It is applicable to cases where, by reason of the lease having been previously recorded, or other similar cause, the provisions of the Act of 1855, as to recording the mortgage and the lease together, cannot be literally complied with.   The Acts being in pari materia must be construed together so that both may stand.   When so construed their provisions are consistent and harmonious.

As already intimated, there was no error in admitting in evidence the record of the oil lease from Dorsey Brothers and Porter to Curtis, nor the mortgage of the latter to Weston Brothers, plaintiffs below, and hence the first and second assignments of error are not sustained.

The propositions submitted by defendant below and covered by the third to sixth specifications inclusive were rightly refused.   The position assumed in the first point is that the lease to Curtis embraced in his mortgage to plaintiffs below, not having been recorded in the deed books of Warren county before or at the time of the execution of the mortgage, as re-

[Gill *v.* Weston.]

quired by the Act of May 13th, 1876, and the mortgage not containing any reference to any record of said lease, as required by said Act, it was not a lien on the leasehold as against the mechanics' liens. The Act of 1876 is merely a curing or enabling Act, and does not repeal the provisions of the Act of April 27th, 1855. Being *in pari materia* the two acts must be construed together. The lease having been recorded in the proper county at the same time and in immediate connection with the mortgage, plaintiffs below thereby acquired a valid lien on the leasehold, with all the rights conferred by the Act; and having purchased the premises at sheriff's sale upon the bond secured by the mortgage they acquired all the right, title, interest and estate that Curtis had therein when he mortgaged the leasehold to them, and were entitled to recover, possession of the premises in ejectment as against Curtis or any one who came into possession under him, as defendant below did. It is unnecessary that such purchaser, in an action of ejectment brought by him against the defendant in the execution on which the land was sold, or any one coming into possession under him, should show previous title to the land in the defendant in the execution. It is sufficient for him to show the judgment and execution with proceedings thereon : Young *v.* Algeo, 3 Watts, 223, 227.

In the second and third points of defendant below the contention is that the lien of the mortgage was divested by the sale on the subsequent mechanics' liens. In view of the express provision of the Act which places leasehold mortgages upon the same footing as mortgages of a freehold, "as to liens, notice, evidence and priority of payment," this position is wholly untenable : Miners' Bank *v.* Heilner, 11 Wright, 452, 455.

What has already been said is sufficient answer to the fourth point.

There was no error in charging as complained of in the last specification, that "plaintiffs, on the undisputed evidence, are entitled to a verdict."

Judgment affirmed.