174  425
179  874
174  425
199  641
174  425
225  ²343
f39SC¹476

# Isaac E. Blakley and Louisa Blakley *v.* Thomas M. Marshall, Trustee to receive Royalties, etc.

*Lease—Oil and gas lease—Sale of oil.*

An oil lease, investing the lessee with the right to remove all the oil in place in the premises in consideration of his giving the lessors a certain percentum thereof, is in legal effect a sale of a portion of the land, and the proceeds represent the respective interests of the lessors in the premises.

*Life estate—Oil lands—Remainder-men—Royalties.*

If the lessors in an oil lease are life tenants and remainder-men the life tenants are entitled to the interest on the royalties during life, and at their death, the corpus of the fund made up of the aggregate royalties goes to the remainder-men.

Argued Jan. 6, 1896.    Appeal, No. 1, Oct. T., 1895, by plaintiffs, from judgment of C. P. Butler Co., Dec. T., 1895, No. 20, on case stated.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN, and FELL, JJ.    Affirmed.

Case stated to determine the ownership of royalties under an oil lease.    Before GREER, P. J.

Case stated was as follows :

And now, 3d day of September, 1895, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court in the nature of a special verdict :

1. The plaintiffs, Isaac E. Blakley and Louisa Blakley, are the life tenants of a certain plantation or farm, situated in the township of Adams, county of Butler and state of Pennsylvania, and their children, all of whom are minors, are the remainder-men of the said plantation in fee under and by particular covenants contained in a certain deed from one Andrew Blakley, dated the 26th day of November, 1890.    The defendant is a trustee, appointed by the court of common pleas of Butler county, to receive certain oil royalties, hereinafter more particularly referred to, invest the same and pay over to Isaac E. Blakley and Louisa Blakley, during life and the life of the survivor, the interest annually arising upon the said fund, and

at the death of both, the principal sum to the children of the said Isaac E. Blakley and Louisa Blakley, the remainder-men in fee as aforesaid, the said Isaac E. and Louisa Blakley, trustees named in the deed by Andrew Blakley, having refused to give bond, claiming the right to the oil in the premises under the facts of the case as life tenants.

2. That some time prior to the 10th day of August, 1894, petroleum oil was discovered to exist under lands about and around the said plantation, being the lands of others than the plaintiffs and the said remainder-men, and the owners of such other lands thereupon began to obtain proper wells to be put down upon their said several lands to obtain the oil thereunder at such places and situations with reference to the said plantation that all the oil existing under the said plantation would be drained through the said wells of such other owners, so that the oil lying under the said plantation would thereby become dissipated and lost to the said premises, both to the plaintiffs and the said remainder-men, and that there is no known mechanical means to prevent the same.

3. That under said state of facts, and with knowledge of the same, the said Isaac E. Blakley and Louisa Blakley did, on the 10th day of August, 1894, lease and let unto one N. B. Duncan, his heirs or assigns, a certain portion of the said plantation to drill for oil, which lease is in the ordinary, accustomed and general form in the neighborhood and the oil regions of Pennsylvania.

4. That at the date of the making of the said lease, the said Isaac E. Blakley was forty-three years old and the said Louisa Blakley thirty-seven years old, both in good health, with expectancies of life, by the Carlisle tables of mortality, of $25\frac{8}{100}$ and $\frac{48}{100}$ years respectively. That at the dates of the said deed and lease, the said plaintiffs had born to them children as follows : Henry A., Amelia M., Walter G., Gertrude A., Sarah L., Charles J. and John B. Blakley, all of whom, with one or two exceptions, were and are residing with their parents on the said plantation.

5. That under the said lease a well has been drilled upon the said premises and the same has been for some time past, and is now, producing some sixty barrels of oil per day, and the oil therefrom is being conducted into lines of the Producers' Pipe Line Company and the National Transit Pipe Line Com-

pany, which is ready to make settlement for the said oil, and pay the royalties therefor, being the one-eighth of the said oil, to the person or persons entitled to receive the same in law.

6. That the plaintiffs herein claim the said royalty as their own individual property as life tenants of the said premises, free and discharged of any trust or confidence whatsoever, and the defendant likewise claims the same as his property for the purpose of his said trust and appointment.

Now, if the court be of opinion that the said royalties are the property of the plaintiffs according to their claim, then judgment to be entered in their favor for the sum of $1.00, but if not, then judgment to be entered for the defendant. And it is further agreed that either party shall have the right to take an appeal or other proper proceedings to review alleged error in the court below. It is further agreed that the amount in controversy in this case exceeds $1,000.

The court entered judgment in favor of the defendant on the case stated.

*Error assigned* was entry of judgment as above.

*W. H. Sponsler*, of *Sponsler & McQuade*, *Kennedy Marshall* with him, for appellants.—The mining for oil under the circumstances of this case does not deprive the remainder-men of any substantial property: Hastings v. Crunckleton, 3 Y. 261; Neel v. Neel, 19 Pa. 323; Lynn's App., 31 Pa. 44; Stoughton's App., 88 Pa. 198.

The mining for oil under the circumstances of this case is not an unreasonable use or enjoyment of the premises: Westmoreland Coal Co.'s App., 85 Pa. 344; Mulholland's Est., 154 Pa. 491; Willard v. Willard, 56 Pa. 119.

*J. D. Marshall*, for appellee.—The remainder-men were entitled to the principal of the fund raised by the royalties: Sayers v. Hoskinson, 110 Pa. 473; Irwin v. Covode, 24 Pa. 162; Funk v. Haldeman, 53 Pa. 229; Givens v. McCalmont, 4 Watts, 460; McCollough v. Irvine, 13 Pa. 442; Smith's App., 69 Pa. 479; Act of March 27, 1833, P. L. 99.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 23, 1896 : No question is raised in this case stated as to the validity of

the lease under which the oil in question was produced; nor, is there any question as to the title of the lessors to the leased premises.   By their informal deed of November, 1890, Andrew Blakley and wife granted and conveyed to Isaac E. Blakley and Louisa Blakley, the plaintiffs, a life estate in the land, with remainder in fee to their children, and appointed said life tenants trustees for their said children : Habendum, " to them the said Isaac Blakley and Louisa his wife, for and during their life and no longer, and as trustees and in trust for their said children, their heirs and assigns forever, subject to the life estate of said Isaac E. Blakley and Louisa his wife ; and in case of the death of Isaac E. Blakley, Louisa Blakley, his wife . . . . shall only be trustee and have control of the above mentioned property so long as she remains his widow."

Acting for themselves in their own right as tenants for life, and also as trustees for those in remainder, the plaintiffs executed the lease to N. B. Duncan " for the purpose of operating and drilling for petroleum and gas," for the term of fifteen years from August 10, 1894, "and so long thereafter as oil and gas can be produced in paying quantities."   It was obviously necessary, as well as to the interest of both the tenants for life and the remainder-men, that they should thus unite in the lease, because no practical oil operator would undertake the development of supposed oil territory on the faith of a lease from life tenants only, and for the further and more important reason that, if not promptly developed and worked, the land would soon have been drained of its oil through wells on adjoining lands.

The leased premises proved to be productive, and the oil in question represents the lessors' royalty under the lease.   As life tenants of the premises, plaintiffs claimed the oil as their individual property free and discharged from any trust or confidence whatsoever.   The defendant is a trustee, appointed by the court below, to receive the lessors' share of the oil produced under the lease, invest the proceeds, and pay the interest annually realized therefrom to the plaintiffs during their joint lives and the life of the survivor, and, at the death of the latter, to pay the principal to the remainder-men entitled thereto.

In support of plaintiffs' claim to the whole of the royalty, etc., much stress was laid on the doctrine of waste; but we fail

to see that it has any application whatever to the facts of this case.   It is conceded that the oil was produced under the lease made by plaintiffs, in their own right as life tenants, and as trustees for those in remainder; and, as appears by the opinion of the court, their action as trustees for the remainder-men was with its sanction and approval.   It is difficult to see on what principle the cestui que trust should be excluded from participation in the royalty that accrued during the existence of the life estate.   Assuming, for sake of illustration, that they had been of full age and sui juris, and instead of being parties, through their trustees to an oil lease, they and the tenants for life had united in a conveyance in fee of part of the land, could it in the absence of any agreement on the subject, be successfully claimed that the life tenants were entitled to the purchase money?   We think not.   There is no difference, in principle, between the two cases.   As was held in Stoughton's Appeal, 88 Pa. 201, and other cases in same line, oil in place is a mineral, and being a mineral it is part of the realty.   An oil lease, investing the lessee with the right to remove all the oil in place, in the premises, in consideration of his giving the lessors a certain per centum thereof, is in legal effect a sale of a portion of the land and the proceeds represents the respective interests of the lessors in the premises.   If there be life tenants and remainder-men, the former are entitled to the enjoyment of the fund (i. e. interest thereon) during life, and at the death of the survivor the corpus of the fund should go to the remainder-men.   This is as nearly a just and equitable distribution as can be made.   It is in accord with the conclusion reached by the learned president of the court below; and there appears to be no reason why the judgment should be either reversed or modified.   We are all of opinion that it should be affirmed.

   Judgment affirmed.