Mrs. Jos. Marshall, Appellant, *v.* A. W. Mellon and John H. Galey.

[Marked to be reported.]

179   371
191   469
179   371
199   641

179   371
39SC  476

*Mines and mining—Oil and gas—Minerals.*

Petroleum oil and natural gas are minerals.

*Life estate—Remainders—Oil and gas lease—Mines and mining.*

Where no oil or gas operations have been commenced on land before an estate for life has accrued, the tenant for life has no right to operate for oil or gas himself, and cannot give such a right to any person by lease.

A life tenant of oil and gas lands which had never been operated for oil or gas executed a lease for oil and gas purposes exclusively. The lessees did not operate the land, or perform any of the covenants of the lease, and refused to pay the rent stipulated. *Held*, that the lessor could not enforce the lease.

Argued Oct. 29, 1896. Appeal, No. 69, Oct. T., 1896, by plaintiff, from judgment of C. P. No. 1, Allegheny County, Dec. T., 1890, No. 231, non obstante veredicto. Before STER- RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for accrued rent upon an oil and gas lease. Before STOWE, P. J.

At the trial it appeared that on the death of her husband the plaintiff became vested with a life estate in the land covered by the lease, and that it had never been operated for oil or gas. On February 17, 1885, plaintiff executed a lease of the land to W. A. Mellon for the sole purpose of mining for oil and gas. The lease was for the full term of plaintiff's life, and was sub- sequently assigned to defendants. No actual possession of the premises was taken by the lessee or his assignees, nor was any attempt made to operate the land, nor was any payment of rent- als made.

Verdict for plaintiff subject to the question of law reserved as to whether the plaintiff was entitled to recover under all the evidence in the case. Judgment was entered for defendants non obstante veredicto.

*Error assigned* was entry of judgment as above.

·*W. H. S. Thomson* and *A. P. Marshall*, with them *Frank Thomson*, for appellant.—The lessee and his assignees knew the extent of their lessor's title, and whether they did or did not, there was no misrepresentation made to them by the lessor to induce them to enter into their agreement, and no lessee in possession is permitted to dispute the title of his lessor: Mays v. Dwight, 82 Pa. 464. A man may, if he sees fit, where there are conflicting titles, take a lease from each of the pretended owners, and if he is not deceived by assertions in regard to the matter, he would have to pay both: Hamilton v. Pittock, 158 Pa. 457; Wilson v. Cochran, 46 Pa. 229. It is contended that the same liability exists as to the assignee of the lease: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576; Aderhold v. Oil Well Sup. Co., 158 Pa. 401. The nature of the interest granted by an oil or gas lease is widely different from the ordinary mining leases for coal, etc.: McNish v. Stone, 152 Pa. 457 *n*; Venture Oil Co. v. Fretts, 152 Pa. 451; Plummer v. Coal & Iron Co., 160 Pa. 483.

An actual entry upon the demised premises by an assignee of a lease is not requisite in order to charge him with the performance of covenants running with the land: 2 Taylor on Landlord and Tenant, sec. 450, p. 28.

*Edwin S. Craig*, for appellees.—A tenant for life can make no agreement affecting the estate which will bind the remainderman, nor will he, with whom the agreement is made, or his privy, be bound by it; for a contract binds both parties or neither: Hill v. Roderick, 4 W. & S. 221.

The estoppel of a tenant to deny his landlord's title is founded on possession and not on the instrument of demise: Taylor's Landlord & Tenant, 8th ed. sec. 89; Gleim v. Rise, 6 Watts, 44; Cooper v. Smith, 8 Watts, 536; Hall v. Benner, 1 P. & W. 402. As the defendants never entered or operated on the land de-

scribed in the lease, the relationship of landlord and tenant never was established between the plaintiff and the defendants : Glasgow v. Chartiers Oil Co., 152 Pa. 52; Hooks v. Forst, 165 Pa. 247; Dallas' Bainbridge on Mines, 284.

A tenant for life may work, even to exhaustion, mines opened upon the land before the commencement of the life estate; but unless exempt from liability for waste, she, or her grantee, cannot open new mines in the lands which she holds for life : Westmoreland Coal Co.'s App., 85 Pa. 344; 1 Washburn's Real Property, 4th ed. 144; Clegg v. Rowland, L. R. 2 Eq. 160; Brown v. O'Brien, 3 Clark, 96.

Operations to produce oil and gas from land are mining operations, and such land is mining land : Gill v. Weston, 110 Pa. 313; Woodburn's Est., 138 Pa. 606; Stoughton's App., 88 Pa. 198; Williamson v. Jones, 39 W. Va. 231; Blakeley v. Marshall, 174 Pa. 425; Allison's App., 77 Pa. 221; Westmoreland Nat. Gas Co. v. DeWitt, 130 Pa. 235; Duffield v. Hue, 136 Pa. 602.

Where a tenant for life has committed waste by opening mines the produce of the mines belong to the remainderman, and the tenant for life is not even entitled to the interest of the produce : Rogers on Mines, 2d ed. 258.

The parties to the lease were the appellant (plaintiff) and one W. A. Mellon, who is not a party to this suit; and there being no privity of contract between the plaintiff and the defendants, the plaintiff's right to recover rests solely upon a supposed privity of estate between the plaintiff and defendants: Washington Nat. Gas Co. v. Johnson, 123 Pa. 576.

The privity of estate which induces personal liability is the actual or beneficial enjoyment of the thing demised or the right of possession and enjoyment.   Where there is neither, no personal liability can arise : Wickersham v. Irwin, 14 Pa. 110.

The language "subject to the conditions, reservations and restrictions contained therein" in the assignment of the lease from W. A. Mellon to the defendants, imposes no personal liability on the defendants in favor of the plaintiff for covenants broken after the defendants have assigned over: Act of June 12, 1878, P. L. 205; Purdon, 1839, pl. 29, 30; Moore's App., 88 Pa. 450; Merriman v. Moore, 90 Pa. 78; Walker v. Physick, 5 Pa. 193; Fennell v. Guffey, 139 Pa. 341.

374 MARSHALL, Appellant, *v.* MELLON et al.

An oil and gas lease is not a grant of property in the oil, but merely a grant of possession for the purpose of searching for and producing oil: Barnhart v. Lockwood, 152 Pa. 82; Meridian Nat. Bank v. McConica, 8 Ohio C. C. 442.

An oil and gas lease, under which no operations have ever been conducted, does not create a vested estate in either the land or the minerals. Such a lease may be surrendered and the surrender accepted by parol: Thompson's Appeal, 101 Pa. 232; Auer v. Penn. 92 Pa. 444; Cochran v. Shenango Nat. Gas Co., 40 P. L. J. 82; Brown v. Beecher, 120 Pa. 590; Haight v. Conners, 149 Pa. 297.

An assignee is liable in respect to his possession only, for he bears the burden only while he enjoys the benefit: Berry v. McMullen, 17 S. & R. 84; Weidner v. Foster, 2 P. & W. 23; Thomas v. Connell, 5 Pa. 13; Hannen v. Ewalt, 18 Pa. 11; Negley v. Morgan, 46 Pa. 281; Elkinton v. Newman, 20 Pa. 281.

OPINION BY MR. JUSTICE GREEN, January 4, 1897:

In Stoughton's Appeal, 88 Pa. 198, we said " Oil, however, is a mineral, and being a mineral is part of the realty. Funk v. Haldeman, 53 Pa. 229. In this it is like coal or any other mineral product which in situ forms part of the land." In Gill v. Weston, 110 Pa. 312, we said of petroleum, " It is a mineral substance obtained from the earth by a process of mining, and lands from which it is obtained may with propriety be called mining lands." In Westmoreland Nat. Gas Co. v. De Witt, 130 Pa. 235, we said, " Gas it is true is a mineral, but it is a mineral with peculiar attributes." In Blakley v. Marshall, 174 Pa. 425, a lease for oil and gas purposes was made by lessors who were tenants for life and also as trustee for those in remainder. The leased premises proved to be productive. A question arose upon a case stated as to the interests respectively of the life tenants and those in remainder. The life tenants claimed the whole of the oil, and for those in remainder the same claim was made. The court below appointed a trustee to receive all the oil due to the lessors, and to invest the proceeds, and pay the interest annually realized therefrom to the life tenants during their joint lives and the life of the survivor, and at the death of the latter to pay the principal to the

remainder-men. This court sustained the court below and said, "as was said in Stoughton's Appeal, 88 Pa. 198, and other cases in the same line, oil in place is a mineral, and being a mineral is part of the realty. An oil lease investing the lessee with the right to remove all the oil in place in the premises, in consideration of his giving the lessors a certain per centum thereof, is in legal effect a sale of a portion of the land, and the proceeds represents the respective interests of the lessors in the premises. If there be life tenants and remainder-men the former are entitled to the enjoyment of the fund (interest thereon) during life, and at the death of the survivor the corpus of the fund should go to the remainder-men." This distribution was made because all the interests concurred in making the lease, and it was to the manifest interest of all that the oil should be taken from the land, lest it should be drawn away by other wells on adjacent premises. In that respect of course there is a difference between oil and gas, and solid minerals, but in respect of the interests of life tenants as contrasted with those in remainder there was no departure from the common law rule that tenants for life, only, may not open new mines or take minerals from the premises, except in case of mines opened by the former owner. This was recognized in Westmoreland Co.'s Appeal, 85 Pa. 344, where we held that while the life tenant's right to work previously opened mines was undoubted, there was no right in a life tenant of several tracts, to open a new mine on one of the tracts upon which no previous opening had taken place. MERCUR, J., said, in the opinion, "neither tract is appendant or appurtenant to the other. If she had a life estate in the distant tract only, the fallacy of claiming a right to remove the coal therefrom would be most manifest. The unanswerable reason would be that the mine on that tract had never been opened."

We see no difference between the present case and those cited, so far as this question is concerned. The plaintiff was but a tenant for life of the premises in question. There had never been any oil or gas operations commenced on the land before her estate for life accrued. She had no right therefore, to operate for oil or gas herself, and she could not give such a right to any lessee from her. Neither the original lessee nor the defendants, his assignees, ever held any such right. They

would have been trespassers if they had undertaken to exercise such a right. The lease was " for the sole and only purpose of drilling and operating for petroleum, oil or gas," and " to have and to hold the said premises for the said purpose only." All the terms and conditions of the lease relate to that purpose alone, and no right to the use of the surface for any other purpose is conferred. It is manifest, therefore, that as no interest whatever was acquired under the lease, the lessees are under no obligation to pay for a right or privilege which they never obtained, or in damages for not performing an illegal covenant therein. We think the judgment entered by the court below was entirely right.

It seems to us, however, in view of · the peculiar character of oil and gas as being fugacious in their nature, and liable to be diverted by operations upon other adjoining or nearby lands, in order to preserve the interests of both life tenants and remainder-men, it would be well for the legislature to make such enactments as would enable the owners of this class of lands to secure to themselves the benefits of such minerals as these. As it is now, the law is not efficacious to that end.

Judgment affirmed.