## H. K. Porter Company Appeal.

Argued March 23, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*W. Gregg Kerr, Jr.,* with him *Paul R. Obert,* and *Eckert, Seamans & Cherin,* for appellant.

*Maurice Louik,* County Solicitor, with him *Thomas M. Rutter, Jr.,* Assistant County Solicitor, and *Francis A. Barry,* First Assistant County Solicitor, for appellee.

*Jon L. Friedman,* with him *David Friedman* and *Herbert R. Hahn,* for intervening appellees.

OPINION BY MR. JUSTICE COHEN, May 24, 1966:

This is an appeal by the H. K. Porter Company from orders dismissing four separate real estate tax appeals arising from the assessment to appellant of two airplane hangars erected by appellant upon land leased to it by Allegheny County at the Greater Pittsburgh Airport in Findlay Township. The cases involve a reclassification on March 16, 1961 by the Allegheny County Board of Property Assessment, Appeals and Review of property formerly assessed to the county and classified as exempt. On the aforesaid date, the properties in question were transferred on the tax rolls to the appellant and were placed in the taxable category. In each case two items were assessed to appel-

lant: (1) appellant's leasehold interest in real property owned by the county; and (2) the airplane hangar situate on the leased premises.

In April 1959, March 1960 and January 1961, timely appeals were filed by the Township of Findlay and the School District of the Township of Findlay (intervening appellees) from the board's determination that the property here involved was tax exempt. Pursuant to these appeals the properties were reclassified by the board. On appeal the Court of Common Pleas of Allegheny County sustained the action of the board. This appeal followed.

Appellant argues that a leasehold interest is not taxable; that the property is exempt from taxation; that the assessment was ineffective as a retroactive change; and that certain evidence was improperly excluded by the lower court.

In Pennsylvania, the power to tax is statutory and must be derived from enactment of the General Assembly. *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 Atl. 90 (1937). The statutory authority for real estate assessment in Allegheny County is the General County Assessment Law, Act of May 22, 1933, P. L. 853, §201, as amended, 72 P.S. §5020-201 (1965 Supp.), which provides, inter alia, for the assessment and taxation of: "(a) All real estate, to wit: Houses, house trailers and mobilehomes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, *and all other real estate not exempt by law from taxation. . . .*" (Emphasis supplied).

The basis for assessing leasehold interests and improvements thereon is found in the Second Class Coun-

ty Code, Act of July 28, 1953, P. L. 723, §2506(b), 16 P.S. §5506(b), which provides: "In the case of any lease of real property by the county hereunder, such property, *with any and all improvements or additions thereon or thereto,* shall, in the hands of the lessee, be subject to taxation by such county and any other municipal or political subdivision therein, in the same manner as all other real estate located in such county, all of which taxes shall be levied and assessed against and paid by the lessee." (Emphasis supplied).

Appellant argues that §2506(b) does not apply in the instant matter because §2506(c) excludes from taxation ". . . leases . . . of county property . . . otherwise specifically provided for by law." Appellant contends that the leaseholds here in question are otherwise provided for by §2404 of the Second Class County Code (16 P.S. §5404), which states that a "county acquiring land for any air navigation and terminal facilities may enter into [lease] agreements . . . for the use of the same. . . ." We do not agree with appellant's interpretation. Section 2404 deals with aeronautic facilities and makes no reference to taxation of leaseholds. It in no sense prohibits the taxation of leaseholds, and improvements thereto, in the hands of lessees of aviation facilities. Likewise, §2506(c) makes no reference to taxation and does not, by its terms, restrict the taxation of property leased by a county of the second class. Consequently, §2404 has no effect upon §2506(b), which applies to any lease of real property owned by the county. It is clear that §2506(c) does not apply to the leaseholds here involved, and pursuant to §2506(b), the Township of Findlay may properly tax appellant's leaseholds and hangar buildings.

Appellant next contends that the property in question is tax exempt because it belongs to the County. We believe that property may be declared exempt from taxation only if title thereto is held by a tax exempt

body and the property is employed in a use for which exemption may legally be granted. Clearly, the airport is owned by Allegheny County, a tax exempt entity. But the use to which the property is put does not qualify appellant for an exemption. In *Moon Township Appeal*, 387 Pa. 144, 127 A. 2d 361 (1956), Chief Justice HORACE STERN, speaking for a majority of the Court, concluded that where tenants in the Greater Pittsburgh Airport's principal building sought tax exemption for their interests, ". . . the question resolves itself into one of fact rather than of law, namely, did the use of such portions of the Airport property as were declared taxable by the court below constitute a reasonably necessary and incidental part of the Airport itself if it was properly to function?" (387 Pa. at 150, 127 A. 2d 364). Here the leased premises are not necessary to the efficient operation of the airport as a public instrumentality; consequently, they do not partake of a public use and no tax exemption may be enjoyed by appellant. It is apparent that the leased areas and the hangars erected thereon in no way benefit or serve the general public using the airport facilities. The hangars service only those airplanes which transport appellant's employees and executives on company flights. This function in no way contributes to the public purposes of the Greater Pittsburgh Airport. Appellant would have us hold that because by its operations at the airport it relieves the airline companies serving the general public of the burden of transporting appellant's employees to their various destinations, its facilities thereupon constitute a public use of the leased premises sufficient to qualify it for an exemption. Appellant's argument is untenable. If appellant were to maintain two hangar buildings at a privately owned airport for the same purposes as the hangars in question, it would accomplish a similar purpose; yet there could be no doubt that it would not be entitled

to an exemption. We will not permit appellant to enjoy that status through the guise of maintaining a public service.

Appellant further contends that the action of the board was ineffective to change assessments in the preceding triennial period. However, the board did not change the assessment; it merely corrected the erroneous exempt classification. Furthermore, prior to the correction, timely appeals had been taken by the township and school district for the years 1959 through 1961. Thus the rights of the taxing bodies were protected and the board acted properly in correcting its error in classification.

Finally, appellant contends that the lower court erred in refusing to admit into evidence certain commercial airline company leases and a model concessionaire's agreement which appellant offered for the purpose of showing that there were absent uniformity of assessment and taxation of properties owned by the county at the airport. For one thing, the nature of the use carried on by the airline companies qualifies them for a tax exemption as being necessary to the proper operation of the airport. Secondly, the tax status of concessionaires has already been determined by this Court in *Moon Township Appeal,* supra; and the uses to which the concessionaires' properties are put are not sufficiently apposite to the uses of a privately operated hangar building that we may find error in excluding the model agreement. Accordingly, no illegal discrimination or lack of uniformity such as would invalidate the assessment of appellant's hangars could be shown by the proffered evidence.

Orders affirmed.

Mr. Chief Justice BELL dissents.