814 A.2d 180

INDEPENDENT OIL AND GAS ASSOCIATION OF PENNSYL-
VANIA, George O. Scott, d/b/a Dorso Energy, Lomak Resources
Company, Phillips Production Company, Castle Exploration
Co., Inc., Douglas Oil Gas, Inc., Oil Gas Management, Inc. and
William S. Burkland, Appellants,

v.

BOARD OF ASSESSMENT APPEALS OF FAYETTE
COUNTY, Pennsylvania, and County of Fayette,
Pennsylvania, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 10, 2002.

Decided Dec. 19, 2002.

Richard DiSalle, Pittsburgh, for Independent Oil, et al.

John S. Cupp, Uniontown, for Board of Assessment Appeals of Fayette County, et al.

ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, and EAKIN, JJ.

## OPINION

Chief Justice ZAPPALA.

In this case we granted allowance of appeal to determine whether the imposition of real estate, or *ad valorem*, taxes by Appellees on Appellants' oil and gas interests is authorized by Pennsylvania law. Because we conclude that there is no authority for imposing a real estate tax on such interests, we reverse the order of the Commonwealth Court.[1]

Appellants own leasehold interests in oil and gas underlying tracts of land located in Fayette County.[2] In June 1998, Appellee, the Board of Assessment Appeals of Fayette Coun-

---

1. We also granted allowance of appeal to address the issue of whether oil and gas interests are the proper subjects of real estate taxation since, unlike buildings or fixtures permanently attached to the land, and unlike coal or stone that are fixed in place, oil and gas are fugacious and move from one tract to another and, therefore, are not quantifiable or identifiable as part of a particular tract of land. Because we conclude that there is no statutory authority to tax oil and gas interests, we need not address this issue.

2. Some of Appellants' interests contain producing oil and gas wells, some contain non-producing gas wells and some contain no wells at all.

ty, began to assess Appellants' oil and gas interests for purposes of real estate taxation. Thereafter, the Board began serving Appellants with assessment notices regarding their oil and gas interests and informing them of their right to appeal within 40 days thereof.

On August 14, 1998, Appellants filed an action for declaratory and equitable relief with the common pleas court, alleging, *inter alia,* that the Board's imposition of *ad valorem* taxes on oil and gas interests was illegal, unauthorized by the laws of the Commonwealth and violative of the constitutions of Pennsylvania and the United States. Following the close of discovery, Appellants filed a motion for summary judgment again asserting, *inter alia,* the absence of a Pennsylvania statute specifically or otherwise authorizing the assessment and levying of taxes on oil and gas.[3]

By opinion and order dated December 21, 1999, the common pleas court, *sua sponte,* dismissed Appellants' motion for summary judgment based upon the court's conclusion that it lacked subject matter jurisdiction. Specifically, the court concluded that it lacked jurisdiction because Appellants failed to exhaust the administrative remedies available to them before the Board. On appeal, the Commonwealth Court reversed the order of the trial court and remanded for further proceedings based upon this Court's decision in *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974). There, we held that a substantial question of constitutionality concerning a taxing body's powers excuses resort to the administrative process and allows one challenging that authority to proceed directly in equity. The Commonwealth Court concluded that Appellants need not exhaust administrative remedies since they were not alleging an over-assessment of

---

3. Appellants also asserted the following reasons why their motion for summary judgment should be granted: 1) the fugacious nature of oil and gas renders the assessment thereof for tax purposes improper; 2) the lack of uniformity of the County's assessments in violation of the Pennsylvania and United States Constitutions; 3) the impropriety of taxing leases in the absence of some indication of the presence of oil and gas; and 4) the need for a County-wide assessment.

taxes on any particular individual, which would generally fall within the Board's exclusive jurisdiction; rather, their suit directly challenged the Board's authority to assess a tax in any case. Thus, as Appellants' challenge alleged a substantial constitutional question, i.e., the authority to impose the tax, the Commonwealth Court held that the trial court erred in dismissing Appellants' action for lack of subject matter jurisdiction.

On remand, the trial court denied Appellants' motion for summary judgment on the merits. Specifically, the court concluded that it is beyond argument that Appellee Fayette County is authorized to levy taxes on real estate and that it has long been settled in this Commonwealth that oil and gas are considered real estate. Further, the court held that the remaining "counts" raised in Appellants' motion raised issues relating to the valuation of their interest rather than the constitutional claim of lack of taxing authority. Accordingly, the court found that these matters were not properly within the court's jurisdiction as they would have to be resolved, establish, initially, through the administrative process. The Commonwealth Court affirmed the court's decision on appeal and, thereafter, on December 4, 2001, we granted allowance of appeal.

The thrust of Appellants' argument here, as it was before the trial court and the Commonwealth Court, is that there is no specific legislative authority granting Fayette County the ability to tax Appellants' oil and gas interests as real estate. In this regard, Appellants point out that "[i]n Pennsylvania, the power to tax is statutory and must be derived from [an] enactment of the General Assembly." *Appeal of H.K. Porter Co.*, 421 Pa. 438, 219 A.2d 653, 654 (1966); *School District of Philadelphia v. Frankford Grocery Co.*, 376 Pa. 542, 103 A.2d 738, 741 (1954). Thus, according to Appellants, because there is no statutory authority for Fayette County to tax Appellants' oil and gas interests as real estate, the imposition of such a tax violated Appellants' constitutional rights.[4] We agree.[5]

4. The parties do not dispute that statutory authorization is required before a particular real estate tax may be assessed. The basic disagreement here is over whether such authority does, in fact, exist.

5. Appellants acknowledge that certain cases such as *Rockwell v. Warren County*, 228 Pa. 430, 77 A. 665 (1910), cited by the trial court, establish,

■ We begin our analysis by examining the language of the Oil and Gas Act, Act of December 19, 1984, P.L. 1140, *as amended*, 58 P.S. §§ 601.101–601.605, to determine if the authority to impose a real estate tax on oil and gas rights can be found. Generally, the language of the act regulates permits, well operations, underground storage, eminent domain and penalties as they relate to oil and gas; however, the act does not speak to the authority to tax oil and gas rights.

■ Next, we look to The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–101 to 5020–602, to determine if authority to impose the tax at issue here exists.[6] Section 201 of the Assessment Law, titled "Subjects of taxation enumerated," provides, in relevant part, as follows:

The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

(a) All real estate, to wit: houses, house trailers and mobile homes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, all office type construction of whatever kind, that portion of a

to some extent, oil and gas interests as interests in real estate. Appellants, however, point out that the treatment historically given these issues through our case law has evolved in situations concerning conflicting claims of ownership of such interests rather than in an assessment or tax context as is the case here. *See Funk v. Haldeman*, 53 Pa. 229 (1867); *Gill v. Weston*, 110 Pa. 305, 1 A. 917 (1885); *Westmoreland & Cambria Natural Gas Co. v. DeWitt*, 130 Pa. 235, 18 A. 724 (1889); *Blakley v. Marshall*, 174 Pa. 425, 34 A. 564 (1896); *Marshall v. Mellon*, 179 Pa. 371, 36 A. 201 (1897); *Hutchinson v. Kline*, 199 Pa. 564, 49 A. 312, (1901).

6. The General Assessment Law applies to all counties in the Commonwealth except where specifically limited therein. There is no dispute that the General Assessment Law applies to Fayette County.

steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation.

72 P.S. § 5020–201(a). Clearly, this provision does not specifically include oil and gas rights. Nevertheless, the trial court and the Commonwealth Court concluded that oil and gas rights were within the purview of Section 201. Specifically, the trial court concluded that oil and gas rights fall within the general meaning of the term "[a]ll real estate." The Commonwealth Court, on the other hand, concluded that oil and gas rights fall within the definition of the term "lands" specifically enumerated in Section 201.

Appellants argue that both the trial court and the Commonwealth Court erred in concluding that Fayette County was authorized to tax their oil and gas rights since Section 201 does not plainly include such terms within its purview. Thus, Appellants argue that because there is no explicit reference to oil and gas interests as proper subjects of assessment and taxation in Section 201, there was no intent by the General Assembly when enacting this section to tax oil and gas interests. Further, Appellants maintain that because the General Assembly explicitly recognized the taxing of coal interests in other sections of The General County Assessment Law and The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§ 5453.101– 5453.706, it can be concluded that no such corresponding authority exists as to oil and gas interests.

Addressing the trial court's conclusion that oil and gas rights are, generally, "real estate," and therefore included as real estate, Appellants assert that while subparagraph (a) of the provision starts with the phrase "[a]ll real estate," the statute goes on to state "to wit" and then sets forth an inclusive list of terms authorized for taxation. Appellants point out that Black's Law Dictionary defines "to wit" as "that is to say; namely." *Black's Law Dictionary* 1337 (5th

ed.1979). They argue that had the General Assembly desired to merely designate "all real estate" as the proper subject of such taxation and allow this term to be determined by general principles of Pennsylvania property law, it could have so provided; however, this is not what the General Assembly did. To the contrary, the General Assembly provided a lengthy list of the specific subjects of taxation to which it was referring. Thus, Appellants note that if the General Assembly intended to subject all real estate to *ad valorem* taxation, the lengthy list enumerated thereafter would be meaningless. However, "[b]ecause the legislature is presumed to have intended to avoid mere surplusage, every word, sentence, and provision of a statute must be given effect." *Unionville–Chadds Ford School District v. Chester County Board of Assessment Appeals*, 692 A.2d 1136, 1143 (Pa.Cmwlth.1997), *aff'd*, 552 Pa. 212, 714 A.2d 397 (1998).

We agree with Appellants that the general term "real estate" set forth in Section 201 is limited by the terms further listed therein. As provided by Section 1903(b) of The Statutory Construction Act, when examining an act of legislation:

General words shall be construed to take their meanings and be restricted by preceding particular words.

1 Pa.C.S. § 1903(b). This concept is known as the statutory construction doctrine of *ejusdem generis*. As we further discussed in *McClellan v. Health Maintenance Organization of Pennsylvania*, 546 Pa. 463, 686 A.2d 801, 806 (1996):

Under our statutory construction doctrine *ejusdem generis* ("of the same kind or class"), where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. *Steele v. Statesman Insurance Co.*, 530 Pa. 190, 607 A.2d 742 (1992); *Summit House Condominium v. Commonwealth*, 514 Pa. 221, 523 A.2d 333 (1987).

Here, as the General Assembly saw fit to enumerate the types of "real estate" that are properly the subject of taxation, this Court is not at liberty to expand the items authorized for

taxation beyond those subjects. Thus, we agree with Appellants that the trial court improperly concluded that oil and gas rights come within the general term "[a]ll real estate" set forth in Section 201.

Likewise, we conclude that the Commonwealth Court improperly expanded the category of real estate authorized for taxation by concluding that oil and gas rights fall within the term "lands" enumerated in Section 201. Again, referring to the doctrine of *ejusdem generis,* it is clear that all of the subjects of taxation mentioned in Section 201 constitute either land, as in the typical layperson's understanding (i.e., surface rights), or one of various types of physical improvements permanently affixed to such a "lot of ground." Oil and gas rights, by contrast, are quite unlike any of the other objects specifically identified in Section 201. Thus, the dissimilarity between the nature of oil and gas and those items which the General Assembly saw fit to enumerate as the proper subject of taxation militates against the conclusion that such terms are encompassed within the general term "lands" listed therein.

Further, as noted by Appellants, additional support for the conclusion that the General Assembly did not intend to include oil and gas rights as the proper subject of taxation can be gleaned by examining the provisions of the General County Assessment Law beyond Section 201, and provisions of the Fourth to Eighth Class County Assessment Law, which specifically recognize the taxing of coal interests with no concomitant references to oil and gas. Specifically, Section 415 of the General County Assessment Law, 72 P.S. § 5020–415, and Sections 612 and 616 of the Fourth to Eighth Class County Assessment Law, 72 P.S. §§ 5453.612, 5453.616, provide for separate assessments of coal where a life tenant does not have a right to "operate the coal" and for the division of coal assessments bisected by county lines.

Thus, as the General Assembly has explicitly recognized the taxing of coal interests, it is clear, under the doctrine of *inclusio unius est exclusio alterius,* that no such corresponding authority exists as to oil and gas interests. As we noted in our decision in *Ken R. on behalf of C.R. v. Arthur Z.,* 546 Pa.

49, 682 A.2d 1267, 1270 (1996), "[a]pplying the rules of statutory construction, the inclusion of a specific matter in a statute implies the exclusion of other matters."

Based on the forgoing, we agree with Appellants that the General Assembly did not authorize the *ad valorem* taxation of their oil and gas interests as found by the lower courts. As there was no statutory authority for the assessment of Appellants' interests as such, we reverse the Commonwealth Court's order affirming the trial court's denial of Appellants' motion for summary judgment on this basis.

Justice NIGRO files a concurring opinion in which Justice SAYLOR joins.

NIGRO, Justice, concurring.

I agree with the majority that Appellees' attempted taxation of Appellants' oil and gas interests is without statutory authority and therefore join in the majority's disposition of this matter. However, I disagree with the majority's application of *ejusdem generis* because it renders the phrase "all other real estate" in section 201(a) of the Assessment Law ineffective. Rather, I would simply hold that Appellees lacked the statutory authority to tax Appellants' interests because oil and gas are of a fundamentally different character than real estate.

Justice SAYLOR joins the concurring opinion.