**OZ GAS, LTD., Appellant**

v.

**WARREN AREA SCHOOL DISTRICT, Warren County, Triumph Township, Deerfield Township, Forest County, and Forest Area School District.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 2005.

Decided Nov. 9, 2005.

---

11. *See Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 582 Pa. 405, 872

A.2d 159 (2005).

BEFORE: COLINS, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge FRIEDMAN.

Oz Gas, Ltd. (Oz) appeals from the July 2, 2004, order of the Court of Common Pleas of the Thirty–Seventh Judicial District, Warren County Branch (trial court), which granted the motions for summary judgment filed by Warren Area School District, Warren County, Triumph Township and Deerfield Township (collectively, the taxing authorities) and denying Oz's cross motion for summary judgment.[1] We reverse.

From 1999 through 2002, Oz paid *ad valorem* taxes on its oil and gas interests to the taxing authorities pursuant to section 201(a) of The General County Assessment Law (Assessment Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–201(a) (authorizing counties to tax real estate). However, in 2002, our supreme court held in *Independent Oil and Gas Association v. Board of Assessment Appeals,* 572 Pa. 240, 814 A.2d 180 (2002), that section 201(a) of the Assessment Law does not authorize counties to tax oil and gas interests.

As a result, Oz filed a complaint with the trial court, seeking a tax refund for the previous three years under section 1 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. § 5566b (Refund Law). The taxing authorities filed motions for summary judgment, and Oz filed a cross motion for summary judgment. After considering the motions, the trial court concluded that the Refund Law was not independently retro-

Joseph E. Altomare, Titusville, for appellant.

Mark E. Mioduszewski, Erie, for appellees, Warren Area School District, Warren County and Deerfield Township.

William R. Strong, Clarion, for intervenor, Forest Area School District.

---

1. Forest Area School District was granted permission to intervene before the trial court, but it later filed a praecipe to withdraw as intervenor, which the trial court accepted with consent of all parties.

active and that, under *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *Independent Oil* was not to be applied retroactively. Thus, the trial court granted the taxing authorities' motions for summary judgment and denied Oz's cross motion. Oz now appeals to this court.[2]

Oz argues that the trial court erred in concluding that the Refund Law is not independently retroactive. We agree.

Section 1 of the Refund Law provides, in pertinent part, as follows:

(a) Whenever any person or corporation of this Commonwealth has paid ... into the treasury of any political subdivision ... any taxes of any sort ... to which the political subdivision is not legally entitled ... the proper authorities of the political subdivision ... are hereby directed to make ... refund of such taxes.... Refunds of said moneys shall not be made, unless a written claim therefor is filed ... *within three years* of payment thereof.

(b) The right to a refund afforded by this act may *not* be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid, *unless the claim for refund is for the recovery of moneys paid under a provision of a statute,* ordinance or resolution subsequently held, by final judgment of a court of competent jurisdiction, to be unconstitutional,

*or under an interpretation of such provision subsequently held by such court, to be erroneous.*

72 P.S. § 5566b (emphasis added).

The language of this provision is clear and unambiguous. A taxpayer who files a written claim for a tax refund within three years of payment of a tax is entitled to a tax refund if the political subdivision was not legally entitled to collect the tax. 72 P.S. § 5566b(a). Moreover, the taxpayer may seek the tax refund under the Refund Law where the taxpayer's claim is to recover taxes paid under a statutory interpretation of a taxing provision which a court subsequently held to be erroneous. 72 P.S. § 5566b(b). Here, Oz paid taxes to the taxing authorities from 1999 through 2002 under an interpretation of section 201(a) of the Assessment Law which our supreme court subsequently held was erroneous. *Independent Oil.* Thus, Oz has a right to a tax refund for the taxes it paid under section 201(a) of the Assessment Law for the three years prior to the filing of its claim.[3]

Accordingly, we reverse.

Judge COHN JUBELIRER dissents.

### ORDER

AND NOW, this 9th day of November, 2005, the order of the Court of Common Pleas of the Thirty–Seventh Judicial District, Warren County Branch, dated July 2, 2004, is hereby reversed.

---

**2.** Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993), *appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is appropriate only when, after examining the record in the light most favorable to the non-moving

party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

**3.** Because we conclude that the Refund Law is independently retroactive, we need not address whether *Independent Oil* should be applied retroactively under *Chevron Oil.*