# Downing *v.* Glen Rock Oil Company.

*Mortgage—Leasehold mortgage—Recording acts—Acts of April* 27, 1855, *P. L.* 368, *and May* 13, 1876, *P. L.* 160.

Where a lease and a mortgage on the leasehold covered by the lease, are left for record in the recorder's office on the same day, and are recorded at the same time, the former in a deed book, and the latter in a mortgage book, there is a sufficient compliance with the act of April 27, 1855, which requires the mortgage to be "placed on record in the proper county, together with the lease." It is not necessary that the mortgage should refer to the book and page where the lease is recorded as provided

by the act of May 13, 1876. The latter act applies only where, by reason of the lease having been previously recorded, or other similar cause, the provisions of the act of 1855, as to recording the mortgage and lease together cannot be literally complied with.

Argued Oct. 22, 1903. Appeal, No. 124, Oct. T., 1903, by the Oil Well Supply Company, from order of C. P. Washington Co., Feb. T., 1903, No. 49, dismissing exceptions to auditor's report in case of J. D. Downing v. Glen Rock Oil Company. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Scire facias sur mortgage.

From the record it appeared that the mortgage upon which suit was brought was on a leasehold. The leasehold in question was taken in execution and sold by the sheriff.

R. W. Knox, Esq., was appointed auditor to distribute the fund raised by the sheriff's sale.

Before the auditor, the Oil Well Supply Company, a lien holder junior to the mortgage, objected that the mortgage was invalid because it did not refer to the book and page where the lease had been recorded. The evidence showed that the mortgage and the lease had been recorded on the same day in the office of the recorder of Washington county, the former in a deed book and the latter in a mortgage book. The auditor held that the recording of the two instruments was sufficient under the Act of April 27, 1855, P. L. 366, and accordingly awarded the fund to the owner of the mortgage.

Exceptions to the auditor's report were dismissed by the court. The Oil Well Supply Company appealed.

*Error assigned* was in dismissing exceptions to auditor's report.

*R. W. Irwin*, with him *James C. Boyce*, for appellant.— While the precise question that is here presented was not before the court in Ladley v. Creighton, 70 Pa. 490, it is manifest from the opinion of the court that if the question had been there presented it would have been held that the lease and mortgage must be recorded in the mortgage book: Hilton's App., 116 Pa. 351.

*David Sterrett*, for appellee.—Where certain instruments of writing are not required by law to be recorded in a particular book they may be recorded in any book kept by the recorder: Glading v. Frick, 88 Pa. 460 ; Clader v. Thomas, 89 Pa. 343.

The cases of Sturtevant's Appeal, 34 Pa. 149, and Ladley v. Creighton, 70 Pa. 490, cited and discussed by the learned auditor and attorney for appellant sustain our position. These decisions were made before the passage of the act of May 13, 1876.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904:

To give validity to the lien of a leasehold mortgage under the recording acts as construed by our decisions, the mortgage must be placed on record in the proper county, together with the lease ; or, if the lease has been previously recorded in a deed book a distinct reference must be made in the mortgage to the book and page where the lease is recorded. In the case in hand, the lease and mortgage were left for record with the recorder of Washington county on May 7, 1902, and were recorded in his office at the same time, the former in a deed book and the latter in a mortgage book. The mortgage contained the following recital : " being a leasehold for the purpose aforesaid on land of William Bamford let and demised by him the said William Bamford to the said Glen Rock Oil Company for a term of ten years from the 10th day of August, 1901, and as much longer as oil or gas is produced in paying quantities, with the sole right to produce therefrom oil and natural gas. Said lease being dated August 10, 1901, and herewith recorded and referred to and made part hereof."

It is contended by the appellant that if the lease and mortgage are left at the recorder's office at the same time and the lease is recorded in the deed book at the time of recording the the mortgage, as was done in the present case, the latter must contain a reference to the book and page where the lease is recorded. It is claimed that this is the proper construction of the Act of May 13, 1876, Purd. 664, pl. 199. The effect of this construction of the statute would be to render inoperative the Act of April 27, 1855, Purd. 664, pl. 197. That act requires the mortgage to be "placed on record in the proper county, together with the lease," but does not designate the book in the

recorder's office in which the instrument shall be recorded. It will be observed that the only requisite to the validity of the lien of a mortgage under that act is that the lease and mortgage shall be placed on record in the proper county at the same time. By the subsequent statute of 1876, it was enacted that " if the lease shall have been recorded in the deed books of the proper county, before the execution of the mortgage, or shall thus be recorded at the time of recording the mortgage, such recording shall be deemed a sufficient compliance with the requirements of said act with reference to recording such lease; provided always, that full and distinct reference be made in said mortgage to the book and page where the said lease is recorded." We have construed this act and in Gill v. Weston, 110 Pa. 305, held that " it is applicable to cases where, by reason of the lease having been previously recorded, or other similar cause, the provisions of the act of 1855, as to recording the mortgage and the lease together, cannot be literally complied with. The acts being in pari materia must be construed together so that both may stand. When so construed their provisions are consistent and harmonious." This is recognized as the proper construction of the two statutes in Hilton's Appeal, 116 Pa. 351, wherein it is said : " Leasehold mortgages are wholly dependent on the acts (of 1855 and 1876) above quoted, for their validity as liens, and unless there is at least a substantial compliance with their requirements, the mortgagee acquires no right as a lien creditor. The failure of appellant to either record the lease with his mortgage, or to cause full and distinct reference to be made therein to the book and page where the lease was then recorded, is fatal to his claim on the fund." One of the two statutory requisites must, therefore, be complied with, but the observance of either, as the facts may require, will be sufficient to create a valid lien on a mining leasehold estate. The two acts must be construed so that both may be operative and in force.

The facts in this case bring it clearly within the act of 1855. The two instruments were recorded at the same time in the office of the recorder of Washington county, the lease in a deed book and the mortgage in a mortgage book. The latter, therefore, was " placed on record in the proper county, together with the lease." Here the act of 1855 was " literally com-

plied with," and hence the act of 1876, as in Gill v. Weston, supra, has no application.

The learned auditor has found and reported the facts very fully and they are sufficient to justify the conclusion that the mortgagee is entitled to the fund in controversy.

The decree is affirmed.