## Westmoreland Coal Co.'s Appeal.

1. A tenant for life may, when not precluded by restraining·words, work open mines to exhaustion.

2. The term "mine," when applied to coal, is equivalent to a worked vein, and if it be worked a tenant for life may pursue it to the boundaries of the tract.

3. Where there are two different tracts separated by an intervening tract owned by another, with a vein extending beneath them, the opening on one tract does not extend to the other, and the tenant for life mining under the unopened one is guilty of waste.

October 25th 1877.   Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.   AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1877, No. 275.

This was a bill in equity filed by John Irwin and others against the Westmoreland Coal Company, to restrain it from committing waste and for an account.   It alleged that the plaintiffs are the owners of the freehold (where the alleged waste is committed), after the life-estate of Mrs. Martha Hughes is determined, and that it is underlaid with the Pittsburgh vein or seam of bituminous· coal. That defendant has by drifts and adits opened the vein, and is mining and carrying away the coal, to the lasting injury and waste of the reversion; that defendant is a purchaser from Martha Hughes, the tenant for life, and has constructed no works on the lands which could come to the reversioners; that the coal is more valuable than the surface and defendant has the means to take the whole of it out in a short time.   The prayers of the bill are for an injunction restraining defendant from committing waste and for an account for the coal mined.   Defendant filed an answer, in which it is averred that the bill is defective for want of all of the parties in interest; that the plaintiffs are not the owners of the fee-simple of the reversion of the freehold in question, upon the death of Mrs. Martha Hughes; that it descended to her upon the death of her son William Fullerton, who died unmarried and without issue in 1849; that there are underlying the tract in question two veins, the upper one of about two or two-and-a-half feet in thickness, and the lower, the Pittsburgh vein; that during the lifetime of Humphrey Fullerton the ancestor of William Fullerton, who owned the land under the will of his father, coal was mined by him or his tenants from the upper vein; that the lower vein was not mined, but defendant is, under Martha Fullerton, lessee of both veins underlying the tract, and that she had the right to work these veins without impeachment of waste, and that defendant has opened through its other lands to the Pittsburgh vein, underlying the tract in question and has taken out 250 tons of coal.

That the title to the land was derived as follows: Humphrey

Fullerton died seised of the land, January 29th 1835, and left a widow, Martha Fullerton, with two children, Hannah and William. Martha, the widow, September 6th 1836, married Watson Hughes, and had by this marriage two children, Anna Hughes and Harriet Hughes. Hannah and William Fullerton, children by the first marriage, both died in their minority, without issue, intestate.

A master was appointed, and he reported that the title to the land was as above stated; that on February 2d 1869, Watson Hughes and Martha, his wife, sold all their right and title to the coal underlying the tract to John George, Jr., Israel Painter and A. L. McFarland, who, on March 20th 1871, sold to the Westmoreland, Youghiogheny Coal Company, which, May 14th 1872, sold to the Westmoreland Coal Company. That there are two seams or veins, a lower and an upper one, underlying the tract. The upper one was opened and mined during the lifetime of Humphrey Fullerton, but the lower one was not opened till after his death and that of his children. The upper is a small and the lower a large one, and the difference between them is sixty feet. That defendant has opened a drift through their other lands to the lower one, and had taken out coal to the amount of ninety-three one-hundredth acres, worth unmined $250 per acre. The master concluded that, as the lower vein was opened by defendant, it was guilty of waste, and reported in favor of an injunction. On coming in of this report the court granted the injunction and referred the case back to the master to state an account. He reported that defendants should pay plaintiffs $1804.52, and a decree was accordingly made. The granting of the injunction and the entry of this decree were assigned for error.

*H. D. Foster* and *H. C. & J. A. Marchand*, for appellants.— There were two tracts owned by Fullerton, and between these two was a tract owned by appellant. The Pittsburgh vein on one had been opened during his lifetime. The appellant worked this vein through the intervening tract owned by it, into the other. A tenant for life subject to waste may open new workings to pursue old veins which were opened when he came into the estate: Bainbridge on Mines and Mining, 50; Kier *v.* Peterson, 5 Wright 357; Willard *v.* Willard, 6 P. F. Smith 119; Neel *v.* Neel, 7 Harris 323. The tenant for life has the usufruct of the whole land in following out the use made by the donor. Under the will the widow had a right to take out the coal whether the mines had been opened or not: Clavering *v.* Clavering, 2 Peere Williams 389; Coates *v.* Cheever, 1 Cowan 477; Saunders' Case, 5 Coke 12; Crouch *v.* Puryear, 1 Randolph 258; Finley *v.* Severn, 6 Munford 154; Ex'rs of Reed *v.* Reed, 1 C. E. Green Ch. Rep. 248; Billings *v.* Taylor, 10 Pick. 460; Irwin *v.* Covode, 12 Harris 162; Lynn's Appeal, 7 Casey 44.

[Westmoreland Coal Co.'s Appeal.]

*Edgar Cowan*, for appellees.—Waste is a destruction in houses, shade trees, or other corporeal hereditaments, to the disinherison of him that hath the remainder in reversion : Coke's Litt. 53. Tenants for life are prohibited from destroying those things which are not included in the temporary profits of the land : 1 Cruise on Real Prop. 115 ; Givens *v.* McCalmont, 4 Watts 465 ; Jackson *v.* Brownson, 7 Johns. 227 ; 4 Kent. Com. 74. The mining of coal as claimed by appellant would destroy the inheritance. The mine was not opened during the lifetime of Fullerton, and appellant has no right to work it. Only opened mines can be worked : Astry *v.* Ballard, 2 Levinz 185 ; Whitfield *v.* Bewit, 2 Peere Williams 240 ; Stoughton *v.* Leigh, 1 Taunt. 402 ; Coates *v.* Cheever, 1 Cowan 480.

Mr. Justice MERCUR delivered the opinion of the court, November 5th 1877.

The rule is well settled that it is not waste in a tenant for life, to work open mines. When not precluded by restraining words, such a tenant may work them to exhaustion. Kier *v.* Peterson, 5 Wright 357 ; Neel *v.* Neel, 7 Harris 323 ; Irwin *v.* Covode, 12 Id. 162.

It may be conceded that the term mine, when applied to coal is generally equivalent to a worked vein, for by working the vein, it becomes a mine ; it therefore follows that if a mine be opened and worked, the tenant for life may pursue that vein to the boundaries of the tract on which it is found. Here the attempt is made to enlarge the rule, and to pursue it further. It is contended the right to mine is not limited or restricted to the particular tract or body of lands on which the mine had been opened ; but extends to a body of lands entirely separated and removed from the other ; that if a vein of the same quality and character extends from the former land, to the latter, it constitutes one mine, although it has never been opened on the latter land. To this conclusion we cannot assent.

If the rule would apply in this case where the parcels of lands are one mile apart, there is no limit to the distance the tenant may pursue it, short of the termination of the vein. If she has the right to open the vein on the distant tract by pursuing it under ground, she would have a right to reach it by sinking a shaft on that tract. If she has a right to the coal, she is not restrained to the one manner of reaching it. Hence it would follow that the tract might be dotted over with openings, when none existed before. Neither tract is appendant nor appurtenant to the other. If she had a life estate in the distant tract only, the fallacy of claiming a right to remove the coal therefrom would be most manifest. The unanswerable reason would be that the mine on that tract had never been opened.

Decree affirmed.