**Thomas SCOTT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CROWN CORK & SEAL COMPANY/ACE AMERICAN INSURANCE COMPANY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 2002.

Decided Jan. 3, 2003.

Michael C. Usher, Whitehall, for petitioner.

Kate A. Smith, Exton, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COLINS.

The single issue presented for the Court's review is whether stock options

---

issued to an employee by the employer are to be included in the calculation to determine an employee's average weekly wage for purposes of the Workers' Compensation Act (Act), 77 P.S. § 582(e).[1] This issue of whether stock options are to be included in the definition of wages is one of first impression. We affirm the Board's conclusion that the calculation of an employee's average weekly wage does not include stock options issued to an employee.

There is no dispute that claimant Scott established by substantial evidence that he sustained a disabling work injury on or about May 7, 1997. Claimant received partial disability benefits for the last week of November 1998 and the first week of December 1998. With those two weeks being the exception, claimant was to receive temporary total disability benefits from April 22, 1997 through January 9, 1999; benefits were suspended effective January 10, 1999. The WCJ concluded that claimant's average weekly wage did not include stock options issued to claimant. Claimant and employer filed cross-appeals to the WCJ's order and determination. The Board affirmed all aspects of the WCJ's decision. Claimant's petition for review filed in this Court presents only one issue, specifically, whether the Board erred in ruling that the employer issued stock options were a fringe benefit properly excluded from the calculation of claimant's average weekly wage.

■ In reviewing a determination of the Board, this Court's scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the WCJ has committed an error of law, or whether a constitutional violation renders the decision infirm. 2 Pa.C.S. § 705. What constitutes an employee's average weekly wage is a question of law subject to review by this Court. *Arthur Shelley Trucking v. Workmen's Compensation Appeal Board (Bregman)*, 114 Pa.Cmwlth.138, 538 A.2d 604 (1988). Claimant contends that stock options are compensation, and thus are includable in the average weekly wage calculation.

Section 309(e) of the Act, 77 P.S. § 582(e), defines average weekly wage to include board and lodging received from the employer, and gratuities reported to the United States Internal Revenue Service by or for the employee for federal income tax purposes. Excluded from the term average weekly wage are fringe benefits including, but not limited to, employer payments for or contributions to a retirement, pension, health and welfare, life insurance, social security or any other plan for the benefits of the employee or his dependents. Section 309(e) of the Act, 77 P.S. § 582(e). A stock option is the grant by an employer to an employee of a legally enforceable right to purchase the employer's stock during a specified period in the future at a specified price.[2] Although stock options are a popular incentive compensation device, they generally have no readily ascertainable value at the time they are granted and do not qualify under Section 309(e) as an incentive payment earned on an annual basis. For Pennsylvania state tax purposes, because "the value of the stock option is speculative and not readily ascertainable until exercised ... the taxing authority must wait until the exercise of the stock option to compute the associated tax liability." *Marchlen v. Township of Mt. Lebanon*, 560 Pa. 453, 460–61, 746 A.2d 566, 570 (2000). For federal income tax purposes, the receipt of

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

**2.** *See Corbin on Contracts,* § 11.1 (rev. ed.1996); 26 C.F.R. § 1.421–7(a)(1).

a stock option is generally not taxable to the employee as income because it has no readily ascertainable fair market value; instead, income taxation is triggered by the transfer of the stock to the option holder when the option is exercised.[3]

 While we have found no case directly on point, we have given consideration to *Marchlen*, wherein Mr. Chief Justice Zappala, writing for a majority of our Supreme Court noted that a myriad of factors plays into the valuation of stock options, and based thereon, we conclude that likewise, in workers' compensation matters, stock options cannot be valued until the options are exercised, and thus are excludable as income for the purposes of determining a claimant's average weekly wage.

Herein, there is no evidence of record indicating that claimant had exercised his stock options; therefore, the Board properly affirmed the WCJ's conclusion that unexercised stock options should be excluded from the calculation of the claimant's average weekly wage.

Accordingly, the order of the Workers' Compensation Appeal Board is affirmed.

### *ORDER*

**AND NOW,** this 3rd day of January 2003, the Order of the Workers' Compensation Appeal Board is vacated, and the case is remanded to the Workers' Compensation Appeal Board, and the Workers' Compensation Appeal Board is directed to, forthwith, remand this matter to the WCJ for consideration and, if necessary, the taking of evidence on the issue of whatever stock options are to be considered wages and, if necessary, for a recalculation of the benifits awarded.

Jurisdiction is relinquished.