Theodore SHIRE, Jr., Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (GENERAL MOTORS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 16, 2003.

Decided July 8, 2003.

Marilyn T. Jamain, Fort Washington, for petitioner.

Michele R. Punturi, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Theodore Shire, Jr. (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board, which affirmed in part the order of a Workers' Compensation Judge (WCJ) denying Claimant's assertion that his sickness and accident benefits should be included in the calculation of his average weekly wage.[1] We reverse and remand.

Claimant sustained a work-related injury on September 9, 1999, in the course and scope of his employment with General Motors (Employer). The parties entered into a stipulation that Claimant suffered a compensable injury under the provisions of the Pennsylvania Workers' Compensation Act (Act) and was totally disabled from September 9, 1999, through January 2, 2000.[2] It was agreed that Claimant returned to work, without loss of compensation, from January 3, 2000, through May 19, 2000, but once again became totally disabled on May 20, 2000. The parties further stipulated that the disability occurring on May 20, 2000, continues to present and stemmed from the original work injury of September 9, 1999.

In the stipulation, the parties explained that they were unable to reach an agreement as to the calculation of Claimant's average weekly wage. It was noted that subsequent to Claimant's work-related injury he had received sickness and accident benefits through an employer-sponsored program. It was agreed that these payments were for days Claimant missed work due to a non-work related condition. During the four thirteen-week periods prior to the work-related injury, the payments to Claimant for missed time from work due to his non-work-related condition were as follows:

| | |
|---|---|
| 10/29/98 to 12/11/98 | $1,887.01 |
| 12/12/98 to 03/12/99 | $3,067.94 |
| 03/13/99 to 06/13/99 | $2,458.68 |
| 06/12/99 to 08/31/99 | $2,967.30 |

(Stipulation of the parties, Claimant's brief, exhibit A–14). In the event that the WCJ determined that the sickness and accident benefits should be deducted from Claimant's wages, the parties stipulated that Claimant's average weekly wage should be $561.75.

Employer alleged that the above payments made to Claimant for days missed from work due to a non-work-related condition, should be deducted from his wages when calculating his average weekly wage. Claimant alleged that the above payments should be included when calculating his average weekly wage. The WCJ agreed with Employer. The WCJ, without explanation, determined that sickness and accident benefits were not wages to be included in the calculation of an average weekly wage under Section 309 of the Act, 77 P.S. § 582.

Claimant then appealed to the Board, alleging that sickness and accident benefits should be included in the calculation of the

---

1. The Board affirmed the opinion of the WCJ as to the issue presented on appeal to this Court. The Board reversed the opinion of the WCJ as to an issue regarding attorney fees. The Board's decision to reverse has not been appealed to this Court.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

average weekly wage and failure to include them goes against the spirit of the Act. (R.R. at 18a). The Board considered the following language contained in Section 309 of the Act:

The terms average weekly wage and total wages, as used in this section, shall include board and lodging received from the employer, and gratuities reported to the United States Internal Revenue Service by or for the employe for Federal income tax purposes, but such terms shall not include amounts deducted by the employer under the contract of hiring for labor furnished or paid for by the employer and necessary for the performance of such contract by the employe, nor shall such terms include deductions from wages due the employer for rent and supplies necessary for the employe's use in the performance of his labor, *nor shall such terms include fringe benefits, including, but not limited to, employer payments for or contributions to a retirement, pension, health and welfare, life insurance, social security or any other plan for the benefit of the employe or his dependents:* Provided, however, That the amount of any bonus, incentive or vacation payment earned on an annual basis shall be excluded from the calculations under clauses (a) through (d.2). Such payments if any shall instead be divided by fifty-two and the amount shall be added to the average weekly wage otherwise calculated under clauses (a) through (d.2). (Emphasis added).

The Board focused on the above italicized language as relevant to its determination. The Board noted that there was no case law on the issue, but found it instructive that sickness and accident benefits were not specifically included in the definition of wages. The Board determined that sickness and accident benefits could be considered a "plan for the benefit of the employe" and, as such, fell into a non-includable category.

■ Claimant now appeals to this Court.[3] Claimant alleges that the Board erred in determining that sickness and accident benefits should not be included in the calculation of his average weekly wage. What is includable in calculating an employee's average weekly wage is a question of law subject to review by this Court. *Scott v. Worker's Compensation Appeal Board (Crown Cork & Seal Company/Ace American )*, 814 A.2d 298 (Pa.Cmwlth. 2003).[4]

As an alternative argument, Claimant further alleges that if the sickness and accident benefits are not considered wages under Section 309 of the Act, then we should determine that due to his absences from work, Claimant did not work a complete period of thirteen weeks in the fifty-two weeks preceding the injury. If we

---

**3.** Our scope of review is limited to determining whether constitutional rights have been violated, errors of law committed, or whether findings of fact are not supported by substantial evidence. *Tri–Union Express v. Workers' Compensation Appeal Board (Hickle )*, 703 A.2d 558 (Pa.Cmwlth.1997). We also acknowledge our Supreme Court's recent decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc.*, 571 Pa. at 203, 812 A.2d at 487.

**4.** In *Scott* we determined that stock options were excludable in calculating an employee's average weekly wage because the receipt of a stock option was not taxable as income for federal income tax purposes. Unfortunately, neither party in the instant action has placed evidence in the record concerning the tax consequences to Claimant.

consider Claimant as not working a complete period of thirteen weeks, then his wage would be recalculated under Section 309(d.2). Under Section 309(d.2) Claimant's weekly earnings would be determined by multiplying his hourly wage by the number of hours he was expected to work.

■ We must first note that Employer has objected to the Claimant's alternative argument on the basis that it is being raised for the first time on appeal to this Court. We believe Employer is correct in this regard. The stipulation by the parties only questioned whether the payments made for sickness and accident could be considered in calculating an average weekly wage. Plus, when Claimant appealed to the Board, he only raised the issue of whether sickness and accident benefits could be included in calculating Claimant's average weekly wage. As Claimant has raised an argument on appeal to this Court that was not raised before the Board, we will not consider it pursuant to Pa. R.A.P. 1551(a).

We now turn to the question of whether Section 309 of the Act excludes as wages payments made by an employer to an employee for days missed from work pursuant to a sickness and accident plan. In order to address this issue properly, we must determine the legislative intent of the Act.

■ To determine "legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute." *Housing Authority of the County of Chester v. Pennsylvania State Civil Service Commission,* 556 Pa. 621, 640, 730 A.2d 935, 945 (1999). Furthermore, "a conflict between various statutes or parts thereof is to be avoided and, if possible, the apparently conflicting provisions must be construed together with the more specific ones prevailing over the general

ones." *Housing Authority of the County of Chester,* 556 Pa. at 641, 730 A.2d at 946.

Under the rules of construction, we must look at the Act as a whole. If the Board's determination that the Act excludes all employee benefits as wages is correct, then we must consider why the Act specifically addresses payments for bonuses, incentives or vacation time. If the Act meant to exclude all employee benefits as wages, surely bonuses, incentives or vacation time would also qualify as employee benefits under the Board's interpretation. Time off granted under a vacation plan can hardly be considered less of a benefit than time off for sickness or accident. Yet, this Court has already determined that vacation pay is to be included in the calculation of the average weekly wage. *Boro of Midland v. Workmen's Compensation Appeal Board (Granito),* 127 Pa.Cmwlth. 462, 561 A.2d 1332 (1989). As such, we believe the Board's reasoning is in conflict with the Act as a whole.

■ In determining whether sickness and accident benefits were meant to be included in the Act, it is also important to consider the statutory construction doctrine of *ejusdem generis:*

Under our statutory construction doctrine *ejusdem generis* ("of the same kind of class"), where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.

*Independent Oil and Gas Association of Pennsylvania v. Board of Assessment Appeals of Fayette County,* 572 Pa. 240, 814 A.2d 180, 183, (2002) (citations omitted)(quoting *McClellan v. Health Maintenance Organization or Pennsylvania,* 546 Pa. 463, 686 A.2d 801, 806 (1996)).

The Act specifically excludes as fringe benefits "employer payment for or contributions to a retirement, pension, health and welfare, life insurance, social security or any other plan for the benefit of the employe or his dependants. . . ." The particular class of things listed includes benefit plans that generally are not added to an employee's weekly pay. Thus, it does not appear that sickness and accident benefits are of the same class as those specifically enumerated.[5]

As expressed by Claimant, we must also consider the intent of Section 309 of the Act when considering this issue. Claimant has alleged that as a fifteen-year employee of Employer, his average weekly wage at the time of his injury was $896.39 per week. Because of the exclusion of his sickness and accident benefits, the WCJ determined his average weekly wage was $561.75. Claimant argues that not only has this resulted in his pay being calculated at an artificially low rate, but that the rate calculated by the WCJ for Claimant, an employee of fifteen years, is less than that paid by Employer to new employees.[6]

In *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel )*, 802 A.2d 1233, 1235 (Pa.Cmwlth.2002), *petition for allowance of appeal granted,* —— Pa. ——, 820 A.2d 163 (2003), we noted that the intent of Section 309 of the Act is to establish an average weekly wage that *"reasonably reflects* the *reality* of the claimant's pre-injury earning experience as a predictor of *future earning potential."* That pronouncement by this Court was made in accord with our Supreme Court's decision in *Triangle Building Center v. Workers' Compensation Appeal Board (Linch )*, 560 Pa. 540, 746 A.2d 1108 (2000).

We further noted in *Colpetzer,* that "Section 309 is not to be interpreted narrowly or strictly when the result would be an artificially low average weekly wage, unreflective of the reality of a claimant's pre-injury earnings experience." *Colpetzer,* 802 A.2d at 1236.

■ Based on the above analysis, we believe that Section 309 does not preclude sickness and accident benefits received as compensation for days missed from work from being included in the calculation of a claimant's average weekly wage. We further conclude that to preclude sickness and accident benefits in the calculation of the average weekly wage could severely harm long-term employees who sustain work-related injuries upon their return from an extended sickness or accident leave. Such a result is contrary to the intent of Section 309. Thus, we are in disagreement with the determination made by the Board.

■ The parties entered into a stipulation that determined Claimant's average weekly wage minus the sickness and accident benefits. However, they did not stipulate as to what Claimant's average weekly wage would be should sickness and accident benefits be included. The WCJ also does not make a determination as to what Claimant's average weekly wage would be if the sickness and accident benefits were included. As it has now been clarified that sickness and accident benefits received for days missed from work are to be included in Claimant's average weekly wage, we reverse and remand the order of the Board, with the direction that it be further remanded to the WCJ. The WCJ is to make a finding as to Claimant's average

---

5. The Board did not conclude, and Employer did not assert, that the sickness and accident plan is encompassed by one of the plans specifically enumerated in the Act.

6. Pursuant to 1 Pa.C.S. § 1922(1), we can presume that the legislature did not intend a result that is absurd or unreasonable.

weekly wage and to include Claimant's sickness and accident benefits when making that determination.

Accordingly the order of the Board is reversed and remanded.

### ORDER

AND NOW, this 8th day of July, 2003, the order of the Workers' Compensation Appeal Board (Board) is reversed. The matter is remanded to the Board with the direction that it be further remanded to the WCJ for findings consistent with this opinion.

Jurisdiction relinquished.